○AO 241
(Rev 12/04)

**ORIGINAL**

3-06CV0714-B

#230076

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 20 2006

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Northern/Texas |
|---|---|

| Name (under which you were convicted): Andrew Wayne Roark | Docket or Case No.: |
|---|---|

| Place of Confinement: Ferguson Unit, Midway, Texas 75852 | Prisoner No.: 915478 |
|---|---|

| Petitioner (include the name under which you were convicted) Andrew Wayne Roark | v. | Respondent (authorized person having custody of petitioner) Doug Dretke |
|---|---|---|

| The Attorney General of the State of Texas |
|---|

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Criminal District Court No. 5 of Dallas County, Texas

   (b) Criminal docket or case number (if you know): F99-02290-KL

2. (a) Date of the judgment of conviction (if you know): 3/14/2000

   (b) Date of sentencing: 3/14/2000

3. Length of sentence: 35 years

4. In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Injury to a Child

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty            ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)
☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
☑ Yes    ☐ No

8. Did you appeal from the judgment of conviction?
☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court:    Texas Court of Appeals - Fifth District

(b) Docket or case number (if you know):    05-00-00584-CR

(c) Result:    Affirmed

(d) Date of result (if you know):    10/5/2001

(e) Citation to the case (if you know):

(f) Grounds raised:

    See attached.

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

   If yes, answer the following:

   (1) Name of court:    Texas Court of Criminal Appeals

   (2) Docket or case number (if you know):    PD-2472-01

   (3) Result:
       Refused

   (4) Date of result (if you know):    4/17/2002

AO 241 (Rev. 12/04)   Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:
   See attached

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:   Texas Court of Criminal Appeals

   (2) Docket or case number (if you know):   WR-56,380-01

   (3) Date of filing (if you know):   4/11/2003

   (4) Nature of the proceeding:   Application for Writ of Habeas Corpus

   (5) Grounds raised:
      1. Applicant received ineffective assistance of counsel.
      2. Applicant has discovered new evidence.
      3. There was no evidence to support the verdict or insufficient evidence.
      4. Newly discovered evidence that shows Applicant is actually innocent

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
   ☑ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

 (b) If you filed any second petition, application, or motion, give the same information:

  (1) Name of court:

  (2) Docket or case number (if you know):

  (3) Date of filing (if you know):

  (4) Nature of the proceeding:

  (5) Grounds raised:

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

  ☐ Yes   ☐ No

  (7) Result:

  (8) Date of result (if you know):

 (c) If you filed any third petition, application, or motion, give the same information:

  (1) Name of court:

  (2) Docket or case number (if you know):

  (3) Date of filing (if you know):

  (4) Nature of the proceeding:

  (5) Grounds raised:

✎AO 241 (Rev 12/04)                                                                                                                 Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes   ❏ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ❏ Yes     ❏ No

(2) Second petition:   ❏ Yes     ❏ No

(3) Third petition:    ❏ Yes     ❏ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
Petitioner received ineffective assistance of counsel at trial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to present evidence to raise lesser included offenses of reckless or negligent injury to a child or to request the lesser included offense.
Counsel failed to present evidence that vaccinations can cause the symptoms displayed by the child.
Counsel failed to present character witnesses on the punishment phase.
Counsel inadequately cross-examined the State's witnesses.
Counsel failed to use discovery obtained in the civil suit to cross-examine State's witnesses.
Counsel inadequately presented defense case.
Counsel advised the Petitioner that the worst that would happen would be 10 years probation and therefore inadequately advised him of dangers of trial and advantages of plea negotiations.
Counsel inadequately investigated the case.
Counsel inadequately prepared Petitioner for his testimony.
Counsel was disorganized and unprepared for trial.
See attached affidavits from Charles Aris, ,James Brantley Saunders, Micki Roark, Amy Van Pool.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241                                                                                                                        Page 7
(Rev 12/04)

   (c) **Direct Appeal of Ground One:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes  ☑ No

      (2) If you did not raise this issue in your direct appeal, explain why:
      This was raised on the state application for writ of habeas corpus because the record was inadequate for direct appeal.

(d) **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes  ☐ No

      (2) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition:   Application for Writ of Habeas Corpus

      Name and location of the court where the motion or petition was filed:
      Criminal District Court No. 5 of Dallas County, Texas
      Texas Court of Criminal Appeals

      Docket or case number (if you know):   WR-56,380-01

      Date of the court's decision:   1/25/2006

      Result (attach a copy of the court's opinion or order, if available):


      (3) Did you receive a hearing on your motion or petition?   ☑ Yes  ☐ No
      (4) Did you appeal from the denial of your motion or petition?   ☐ Yes  ☐ No
      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes  ☐ No
      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed:


      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):



      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

%AO 241            Page 8
(Rev 12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:


**GROUND TWO:**
   Petitioner has discovered new evidence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The child's medical history since the injury and since the trial has provided new evidence concerning the source of her injury that will demonstrate that she was not a victim of Shaken Baby Syndrome. New medical research has established that these injuries are not caused by shaking a baby. New research has established that vaccinations can cause these symptoms. (See attached research and affidavit from Dr. Guileyardo.)




(b) If you did not exhaust your state remedies on Ground Two, explain why:




(c)    **Direct Appeal of Ground Two:**

     (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☑ No

     (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:
     New evidence discovered since date of filing direct appeal.


(d)    **Post-Conviction Proceedings:**

     (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

       ☑ Yes   ☐ No

     (2) If your answer to Question (d)(1) is "Yes," state:

     Type of motion or petition:    Application for Writ of Habeas Corpus

     Name and location of the court where the motion or petition was filed:
       Criminal District Court No. 5 of Dallas County, Texas
       Texas Court of Criminal Appeals

     Docket or case number (if you know):    WR-56,380-01

     Date of the court's decision:    1/25/2006

✎AO 241 (Rev 12/04)                                                                                                          Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                              ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?                         ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:**
There was no evidence to support the verdict or insufficient evidence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
There is no evidence or legally insufficient evidence that Petitioner caused these injuries or that the injuries were caused as alleged in the indictment.

AO 241 (Rev 12/04)                                                                                                       Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Application for Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed:
Criminal District Court No. 5 of Dallas County, Texas
Texas Court of Criminal Appeals

Docket or case number (if you know):    WR-56,380-01

Date of the court's decision:    1/25/2006

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No
(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**
Newly discovered evidence that shows Petitioner is actually innocent.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Newly discovered evidence shows that the child was not shaken or not injured in any way as alleged in the indictment. This newly discovered evidence establishes that Petitioner is actually innocent of these charges.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:
New evidence not available at time of appeal

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Application for Writ of Habeas Corpus

≊AO 241                                                                                                                              Page 12
(Rev 12/04)

    Name and location of the court where the motion or petition was filed:
    Criminal District Court No. 5 of Dallas County, Texas
    Texas Court of Criminal Appeals

    Docket or case number (if you know):    WR-56,380-01

    Date of the court's decision:    1/25/2006

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No

    (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:


(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☑ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241                                                                                                                                            Page 14
(Rev 12/04)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:

        Roy Merrill, 8300 Douglas, Suite 800, Dallas, Texas 75225

    (b) At arraignment and plea:

        Roy Merrill, 8300 Douglas, Suite 800, Dallas, Texas 75225

    (c) At trial:

        Roy Merrill, 8300 Douglas, Suite 800, Dallas, Texas 75225

    (d) At sentencing:

        Roy Merrill, 8300 Douglas, Suite 800, Dallas, Texas 75225

    (e) On appeal:

        Gary A. Udashen, 2301 Cedar Springs Road, Suite 400, Dallas, Texas 75201

    (f) In any post-conviction proceeding:

        Gary A. Udashen, 2301 Cedar Springs Road, Suite 400, Dallas, Texas 75201

    (g) On appeal from any ruling against you in a post-conviction proceeding:


17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:


    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241            Page 16
(Rev 12/04)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:


or any other relief to which petitioner may be entitled.


**Gary A. Udashen**
2301 Cedar Springs Rd.
Suite 400
Dallas, TX 75201

_____
Signature of Attorney (if any)   Bar card
                              20369590
                         20369590

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).


Executed (signed) on   April 19th   (date).


_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.


IN FORMA PAUPERIS DECLARATION

_____
[insert appropriate court]

* * * * *