IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW WAYNE ROARK, | § | |
| TDCJ-CID NO. 915478 | § | |
|     Petitioner, | § | |
| V. | § | NO. 3:06-CV-714-P(BH) |
| | § | "ECF" |
| NATHANIEL QUARTERMAN, Director | § | Referred to U. S. Magistrate Judge |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## PETITIONER'S MOTION TO ABATE
## PETITION FOR RELIEF PURSUANT TO 28 U.S.C. §2254

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** the Petitioner, ANDREW WAYNE ROARK, and submits this Motion to Abate Application for Relief Pursuant to 28 U.S.C. §2254 and would show the following:

I.

The Petitioner in this case was convicted of Injury to a Child based on an allegation of shaken baby syndrome.

II.

On April 26, 2006, Petitioner filed his Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. The Petition alleged, in part, that the Petitioner had discovered new evidence that shows he is actually innocent. The new evidence consists of medical and scientific evidence that contradicts the medical and scientific theory under

Petitioner's Motion to Abate Petition for Relief Pursuant to 28 U.S.C. §2254 - Page 1

which Petitioner was convicted. Specifically, at Petitioner's trial state medical experts testified that the injury caused to the child in this case could be caused by shaking alone. However, as set out in the Memorandum in Support of Petition Under 28 U.S.C. §2254, medical and scientific expertise has evolved and changed since Petitioner's trial and now there is a consensus that shaking alone does not cause the injury and that some type of impact is necessary. The effect of this change in the shaken baby syndrome theory is that Petitioner was convicted based on a medical theory that the State's own expert witnesses no longer believe to be accurate.

### III.

The change in this theory has taken place over a period of several years. Evidence and argument concerning this change was presented to the state habeas court. However, additional support for this change of theory became available after the state trial court entered its finding of fact and conclusions of law but prior to the Texas Court of Criminal Appeals denying relief. Petitioner filed a request with the Court of Criminal Appeals for a remand to the trial court for further fact developments. However, the Court of Criminal Appeals declined to take that action and denied relief.

### IV.

In Respondent Quarterman's Answer to this 2254 petition, it is contended that this issue has not been fully exhausted in the state court based on some of this evidence not being before the state trial court at the time its findings were entered. For that reason, Petitioner requests that the Court abate this Application for Relief Pursuant to 28 U.S.C. §2254 in order

for Petitioner to fully explore this contention of newly discovered evidence of innocence in the state habeas court.

V.

Under *Ex parte Soffar*, 143 S.W.3d 804 (Tex. Crim. App. 2004), the state court may consider a subsequent writ, not otherwise barred, if the federal court having jurisdiction over the 2254 application enters an order abating further proceedings until state court remedies have been exhausted. Upon the granting of this abatement motion, Petitioner will file a subsequent writ in the state court raising this issue.

VI.

Whenever a federal court having jurisdiction over a claim for relief under 2254 finds that potentially meritorious but unexhausted claims have been raised, the Fifth Circuit has expressed a preference for allowing a remand to the state court for exhaustion of the claims. See, for example, *Wilder v. Cockrell*, 274 F.3d 255, 262 (5th Cir. 2001). In a close case, the determination of whether the claim was exhausted should be left to the state court in the first instance. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this court will enter an order abating further proceedings while Petitioner's claim for relief, based on newly discovered evidence of actual innocence, is pursued in the courts of the State of Texas.

Respectfully submitted,

/s/ GARY A. UDASHEN
GARY A. UDASHEN
State Bar No. 20369590

SORRELS, UDASHEN & ANTON
2301 Cedar Springs Road, Suite 400
Dallas, Texas 75201
214-468-8100
214-468-8104 fax

ATTORNEY FOR PETITIONER

### CERTIFICATE OF CONFERENCE

The undersigned counsel certifies that he has spoken to Marta McLaughlin concerning this motion and she stated that the Respondent will state his position in a response to be filed with the court.

/s/ GARY A. UDASHEN
GARY A. UDASHEN

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Petitioner's Motion to Abate Petition for Relief Pursuant to 28 U.S.C. §2254 was forwarded to Marta McLaughlin, Assistant Attorney General, P. O. Box 12548, Austin, Texas 78711-2548, on this the 11th day of October, 2007.

/s/ GARY A. UDASHEN
GARY A. UDASHEN