IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDREW WAYNE ROARK, § | |
| TDCJ-CID NO. 915478 § | |
|     Petitioner, § | |
| v. § | Civil Action No. 3:06-CV-714-P (BH) |
| § | "ECF" |
| NATHANIEL QUARTERMAN, Director, § | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

**RESPONDENT QUARTERMAN'S OBJECTION
TO PETITIONER'S MOTION TO ABATE PETITION
WITH BRIEF IN SUPPORT**

    Petitioner Andrew Wayne Roark ("Roark"), is challenging a state conviction for injury to a child, through a petition for writ of habeas corpus under 28 U.S.C.A. § 2254 (West 2003). The Director filed a response to this petition on September 11, 2006. Docket Entry ("D.E.") 11. The Director argued that several of Roark's claims were unexhausted and procedurally barred, that his claim of actual innocence was not cognizable, and that he had failed to present several of his exhibits to the state courts in his state habeas proceedings. D.E. 11 at 10. Roark now seeks to abate his federal habeas proceedings so that he may present the unexhausted exhibits to the state courts. D.E. 12. The Director objects to such abatement based on the arguments made in the Director's answer and the reasons argued below.

**BRIEF IN SUPPORT OF OBJECTION**

    The Supreme Court held that a district court faced with a "mixed petition" for habeas corpus relief—one in which a state prisoner presents a federal court with "a single petition containing some claims that have been exhausted in the state court and some that have not"—has discretion to stay and abate the federal proceeding to allow the petitioner to present his unexhausted claims to the state court in the first instance, preserving the petitioner's ability to return to federal court for review of

his perfected petition, but that it should do so only in limited circumstances. *Rhines v. Weber*, 125 S. Ct. 1528, 1531-35 (2005). Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines that: (1) there was *good cause* for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are not *plainly meritless*; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id*, at 1535; *see also Akins v. Kenney*, 410 F.3d 451, 456 (8th Cir. 2005) (remanding to district court to apply *Rhines* framework). Furthermore, even where all these criteria are met, nothing in *Rhines* mandates that a district court automatically grant a stay and abatement; a district court can properly exercise its discretion to deny a stay. *See Rhines*, 125 S. Ct. at 1531. Finally, even if the district court concludes these criteria have been met and a stay should be granted, it should not do so indefinitely. *Id*. at 1534-35. The court should place "reasonable time limits on a petitioner's trip to state court and back." *Id.* For example, the Supreme Court noted with apparent approval an order that required the defendant to pursue state remedies within 30 days after the stay is entered and further required him to return to federal court within 30 days after state court exhaustion is completed. *Id*.

    First, Roark has not shown good cause for his failure to present the unexhausted evidence to the state courts. He conclusorily states that "additional support" for his claim that the medial and scientific theory regarding shaken baby syndrome had changed since Roark's trial became available only after the state trial court entered its findings.. D.E. 12 at 2. The Director noted in his answer that none of the unexhausted documents were dated past the date of the trial court entering its findings. D.E. \_\_ at 10; (e.g. Document 5, an email to Roark's counsel dated February 15, 2006, contains an article from June 2004. Fed. Writ Pet. A5. Document 6 was printed off of the internet on February 1, 2006, but was contained on a site entitled "http://www.seas.upenn.edu/whatsnew/2003/brain-injuries," indicating that it was an article available in 2003. Document 8 is an abstract with a copyright date of 2005, stating it was accepted on February 8, 2005, etc. . . ). To the extent such "additional support" includes the documents that

Roark failed to present to the state court, which is not explicitly stated, Roark fails to provide any facts or details to support his statement that the documents were not available through the exercise of due diligence prior to the trial court entering its findings on April 22, 2005.

To the extent Roark did discover the unexhausted documents prior to the denial of his state habeas proceeding, he had plenty of time to return to state court to file a successive state application presenting these unexhausted documents. Further, because "[t]he time during which a properly filed application for post-conviction or other collateral review...shall not be counted toward any period of limitation under [28 U.S.C. § 2244(d)]," returning to state court to file a second application for habeas relief would not have jeopardized a subsequently filed federal writ.[1] Importantly, Roark should have *known* that this evidentiary support for his claims were unexhausted as defined by the AEDPA when he filed his federal petition. Knowing in advance that such were unexhausted, Roark clearly had a choice regarding the forum in which to pursue relief on his claims since his filed his federal petition eighty-five days after the state court denial and 11 days before the federal statutory deadline expired. If he had filed a state writ before filing his federal petition, it would have tolled the one-year period. Further, Roark waited over eight months once his conviction was final before he filed a state writ application. *See Ex parte Roark*, No. 2126041 at 2. Instead, he opted to proceed with his claim in federal court. As yet, Roark has offered this Court no explanation as to why he chose to proceed in the federal forum when he could have easily exhausted his claims and then returned to federal court for review of his perfected petition. Accordingly, Roark has not shown "good cause" for failing to exhaust the evidence supporting his claims prior to filing his federal petition.

Second, since Roark has quite deliberately presented this Court with a mixed petition, it is arguable that he is engaging in abusive litigation tactics, such that a stay cannot be granted at all. *Cf.*

---

[1] Even if the Texas Court of Criminal Appeals had rejected the successive petition as an abuse of the writ, it would still have been deemed "properly filed" for purposes of the federal statute and, thus, tolled the limitations period. *See Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999); *Felder v. Johnson*, 204 F.3d 168,170 n.3 (5th Cir. 2000).

*Rhines,* 125 S. Ct. at 1535, 1536 (Justice Stevens, concurring, "[F]ar better to wait for the alarm to sound when there is some indication that a petitioner is gaming the system."). Thus, Roark has failed to demonstrate that he is entitled to a "stay-and-abeyance."

Third, the unexhausted documents would not change the character of Roark's plainly meritless claims. Roark did not cite specifically to any of the articles he attached as exhibits, and did not argue how any finding or theory stated in such articles specifically supported his claims. In his motion to abate, Roark again fails to explain specifically how the unexhausted evidence contradicts the medical and scientific theory under which Roark was convicted. He states only conclusorily that as a whole it demonstrates that medical and scientific expertise has evolved and changed since Roark's trial such that there is a consensus that shaking alone does not cause the injury, as the medical experts testified at trial, but that some type of impact is necessary. R.E. 12 at 2. As the Director argued in his answer to Roark's petition, none of his claims have merit– his claim of actual innocence is not cognizable– and they should all be denied. Although this Court cannot grant habeas relief on unexhausted claims, it can deny relief. *See Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998). Because the unexhausted evidence does not lend merit to Roark's claim for federal habeas relief, this Court should deny abatement and deny Roark's petition.

For the reasons stated above, Roark's case clearly does not fall within the *Rhines* "limited circumstances," thus the district court would not abuse its discretion by failing to hold Roark's mixed petition in abeyance. *Cf. Rhines,* 125 S. Ct. at 1535 ("Because granting a stay and abeyance effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.").

Additionally, if Roark attempted to present this additional evidentiary support in a subsequent writ, it would be procedurally barred. TEX. CODE CRIM. PROC. ANN. art 11.07 § 4 (West Supp. 1996); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (abuse of the writ rules applied regularly and strictly). Because the claim would now be procedurally barred under state law, the federal

4

procedural default doctrine precludes federal habeas corpus review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred); *see also Emery v. Johnson*, 139 F.3d 191, 196 (5th Cir. 1997) (same). The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to present the claim to the state court and the state court to which he would be required to present his supporting facts would now find them to be procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). To overcome this procedural bar, Roark "must establish 'cause' and 'prejudice' from [the state court's] failure to consider his claim[s]." *Fearance*, 56 F.3d at 642 (citing *Coleman*, 501 U.S. at 750-51). As argued above, Roark has failed to establish cause and prejudice, and he has not shown that he is actually innocent of the crime for which he was convicted. Accordingly, this Court should deny Roark's motion to abate, review his claims without reference to the unexhausted and procedurally barred evidence, and deny Roark's petition for federal habeas relief.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that the Court deny Roark's motion to abate his petition for writ of habeas corpus, deny the petition, and *sua sponte* deny a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ERIC J. R. NICHOLS
Deputy Attorney General
for Criminal Justice

5

                GENA BUNN
                Assistant Attorney General
                Chief, Postconviction Litigation Division

                s/ Marta R. McLaughlin
                MARTA R. MCLAUGHLIN*
*Attorney in Charge      Assistant Attorney General
                State Bar No. 24032846

                P.O. Box 12548, Capitol Station
                Austin, Texas   78711
                (512) 936-1400
                Facsimile No. (512) 936-1280
                Marta.McLaughlin@oag.state.tx.us

                ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I, Marta R. McLaughlin, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Quarterman's Objection to Petitioner's Motion to Abate Petition with Brief in Support has been served by placing same in the United States mail, postage prepaid, on this the 19th day of October 2007, addressed to Roark's counsel:

Gary A. Udashen
Attorney at Law
2301 Cedar Springs Rd., Ste. 400
Dallas, Texas 75201

                /s/ Marta R. McLaughlin
                MARTA R. MCLAUGHLIN
                Assistant Attorney General